JANET C. SUGUE, Plaintiff-Appellant, Cross-Appellee *v.*
F. L. SMITHE MACHINE CO., INC., a corporation,
Defendant-Appellee, Cross-Appellant

NO. 5544

MAY 11, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* Plaintiff-appellant, cross-appellee (appellant) filed a motion for approval and taxation of costs, and defendant-appellee, cross-appellant (cross-appellant), filed objections to said motion. A hearing was held on the motion.

Upon review and consideration of the affidavit and memorandum in support of the respective motion and objections, we are of the opinion that the appellant was the prevailing party, within the terms of Supreme Court Rule 9(c), in the appeal of this case. (Opinion filed February 23, 1976.)

In her motion for approval and taxation of costs the appellant claims cost of a copy of the transcript of the proceedings in the trial court, obtained for the use of her counsel. In *Rocha v. Aczon,* 53 Haw. 108, 109, 488 P.2d 135 (1971), this court, in construing the proviso in Rule 9(c) "cost of the transcript of record in the court below" shall be taxable in this court as part of the costs in favor of the prevailing party, stated, "The rule refers to the original transcript filed as part of the record on appeal and not to a copy of the transcript obtained by a party for his own convenience."

Moore, in vol. 6, FEDERAL PRACTICE § 54.77(7), p. 1747, criticizes the limitation to the court's copy as an item of cost:

> With deference, we believe this line of authority is unsound . . . because of its failure to reflect practical, trial necessities; even if it represented a sound construction of RS § 983, . . . . For these reasons we support the divergent

line of authority recognizing that stenographic transcripts are often "necessarily obtained for use in the case"; and that if they are, rather than a mere luxury or convenience, the trial court in the exercise of sound discretion, *may* tax all reasonable expenses incurred by a prevailing party in obtaining stenographic transcripts both for the court and himself. . . .

We believe that the quoted statement of Moore is well reasoned and relevant in construing the pertinent provision of Rule 9(c). We, therefore, overrule the holding in *Rocha* and approve appellant's request for the taxation of the cost of a copy of the transcript in addition to the original of the transcript.

The cross-appellant is hereby taxed and ordered to pay to the appellant all of the costs sought by the appellant relative to costs of transcript and the appeal filing fee. The other costs sought by appellant may be presented by appellant in the court below for approval.

*Harriet Bouslog (Bouslog & Symonds* of counsel) for plaintiff-appellant, cross-appellee, for the motion.

*Christopher P. McKenzie (Gould & McKenzie* of counsel) for defendant-appellee, cross-appellant, contra.